# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

WILLIAM JAMES PILLANS,

           Plaintiff,

v.

JUNEAU POLICE DEPARTMENT, *et al.*,

           Defendants.

Case No. 1:25-cv-00012-SLG

## NOTICE OF INTENT TO DISMISS

On August 18, 2025, self-represented litigant William James Pillans filed a civil complaint against the Juneau Police Department and several police officers.[1] At Docket 2, Plaintiff filed an unsigned prisoner's application to waive the prepayment of the Court's filing fee, indicating he was detained at the Crossroads Correctional Center in the custody of the Montana Department of Corrections ("MDOC") as of July 8, 2025, when he dated the application.[2] Plaintiff also filed a statement from his prison trust account showing his transactions from January 1, 2025 through July 3, 2025 while in MDOC custody.[3] However, on August 18, 2025, it appears that Plaintiff submitted his filings in this case to the Clerk's Office in person at the federal courthouse in Juneau, and the information available through

---

[1] Dockets 1-2.

[2] Docket 2 at 1. Plaintiff typed his name and the date onto the form but left the signature line blank.

[3] Docket 2 at 3-7.

the Victim Information and Notification Everyday (VINE) service confirms Plaintiff was released from MDOC custody on August 4, 2025 when his criminal sentence expired.[4] But then, on September 9, 2025, a Notice of Electronic Filing that the Clerk's Office sent to the residential address Plaintiff provided in the Complaint[5] was returned to the Court as undeliverable.[6]

While the Court may act with leniency towards those without legal training, self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[7] A federal court may dismiss a case when a plaintiff fails to comply with the applicable procedural rules, fails to comply with a court order, misses a deadline, or otherwise fails to diligently pursue his case.[8] All parties are responsible for providing current

---

[4] VINELink, Person Detail – William James Pillans, https://vinelink.vineapps.com/person-detail/offender/25393002 (Custody Status Date: Aug 04, 2025; Custody Status: Out of Custody; Custody Detail: Expiration of Sentence).

[5] Docket 1 at 2.

[6] The Clerk sent Plaintiff a Notice of Electronic Filing (NEF)—confirming Plaintiff's filings were docketed and assigned a case number in the Court's Case Management/Electronic Case Files (CM/ECF) system—and it was returned to the Court as undeliverable on September 9, 2025. Dockets 1, 3.

[7] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[8] Federal Rule of Civil Procedure 41(b). *See also* Alaska Local Civil Rule 11.1(b)(3) (allowing the Court to dismiss a case when a self-represented party fails to update their address and any orders or other mail is returned as undeliverable); *Pagtalunan v. Galaza,* 291 F.3d 639, 642–43 (9th Cir. 2002) (discussing the factors that courts must consider in determining whether to dismiss for failure to prosecute or failure to comply with a court order).

Case No. 1:25-cv-00012-SLG, *Pillans v. Juneau Police Department, et al.*
Notice of Intent to Dismiss
Page 2 of 5

Case 1:25-cv-00012-SLG    Document 4    Filed 09/15/25    Page 2 of 5

contact information to the Court,[9] and Plaintiff has not updated his address or otherwise contacted the Court since he filed this case. If Plaintiff does not update his contact information within **30 days from the date of this order**, this case will be dismissed without further notice to Plaintiff.

Additionally, Plaintiff's application to proceed without prepaying the filing fee is deficient because it is unsigned.[10] And because it appears Plaintiff was no longer a prisoner when he filed this case, he should file a *non-prisoner* application to waive the filing fee. For these reasons, Plaintiff's motion at Docket 2 must be denied without prejudice to filing a completed, signed non-prisoner application that complies with federal law. If Plaintiff timely updates his contact information and chooses to pursue his claims, he must also either (a) pay the $405 filing fee or (b) file a completed and signed non-prisoner application to waive the filing fee. The Court will then screen the Complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should the Complaint proceed beyond the screening stage, the Court will order service of that Complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

---

[9] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

[10] Fed. R. Civ. P. 11.

Case No. 1:25-cv-00012-SLG, *Pillans v. Juneau Police Department, et al.*
Notice of Intent to Dismiss
Page 3 of 5
Case 1:25-cv-00012-SLG   Document 4   Filed 09/15/25   Page 3 of 5

IT IS THEREFORE ORDERED:

1. If Plaintiff fails to provide his current contact information to the Court **within 30 days from the date of this order**, this case will be dismissed without further notice to Plaintiff..

2. Plaintiff's application to waive prepayment of the filing fee at **Docket 2 is DENIED without prejudice.**

3. Should Plaintiff elect to proceed with this case, he must either pay the filing fee of $405.00 or file a completed and signed non-prisoner application to waive payment of the filing fee **within 30 days from the date of this order.**

4. All documents filed with the Court must contain an original signature.

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[11] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

6. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address,

---

[11] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 1:25-cv-00012-SLG, *Pillans v. Juneau Police Department, et al.*
Notice of Intent to Dismiss
Page 4 of 5
Case 1:25-cv-00012-SLG     Document 4     Filed 09/15/25     Page 4 of 5

and its effective date.[12] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

7. With this order, the Clerk is directed to send: (1) form PS11, Non-Prisoner's application to waive payment of the filing fee; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 15th day of September, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[12] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 1:25-cv-00012-SLG, *Pillans v. Juneau Police Department, et al.*
Notice of Intent to Dismiss
Page 5 of 5
Case 1:25-cv-00012-SLG   Document 4   Filed 09/15/25   Page 5 of 5